UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| UNITED STATES for the benefit and use of<br>COMMERCIAL POWER, INC.<br>P.O. Box 934<br>La Plata, Maryland 20646<br><br>Plaintiff<br><br>v.<br><br>WESTCHESTER FIRE INSURANCE CO.<br>436 Walnut Street, WA10H<br>Philadelphia, Pennsylvania 19106<br><br>and<br><br>TENG CONSTRUCTION, LLC<br>aka exp Federal, Inc.<br>205 N. Michigan Avenue<br>Chicago, Illinois 60601 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>) SERVE REGISTERED AGENT:<br>) CT Corporation<br>) 1015 15th Street, NW, Suite 1000<br>) Washington, DC 20005<br>)<br>)<br>) SERVE REGISTERED AGENT:<br>) Prentice Hall Corporation Systems<br>) 1090 Vermont Ave., NW<br>) Washington, DC 20005 |

**COMPLAINT**

Plaintiff alleges:

1.     This action is brought pursuant to the Miller Act, 40 U.S.C. § 3131 *et seq.*, seeking payment for labor and materials provided to a Federal construction project by the electrical work subcontractor.

2.     By contract No. GS-11P11-YT-C-0238, Teng Construction LLC ("Teng") also known as exp Federal, Inc., contracted with the United States by and through the General Services Administration, for the construction of improvements to the Cohen Building in Washington, DC ("the Project").

3.   As required by the Miller Act, Teng purchased a surety bond ("the Payment Bond") from Westchester Fire Insurance Company ("Westchester"), for the purpose of assuring payment to subcontractors and suppliers to Teng. A copy of the bond instrument is attached as Exhibit A and incorporated herein by reference.

4.   By subcontract agreement dated September 20, 2013, Teng contracted with Commercial Power, Inc. ("Commercial Power") for the electrical work portion of the Project, for a fixed price of $472,000.

5.   To the extent permitted by job conditions, Commercial Power performed the scope of work of its subcontract in a timely and workmanlike manner.

6.   The electrical portion of the Project included installing lighting sensors and power packs throughout the building.

7.   During Commercial Power's performance there were frequent instances in which the existing layout of furniture or cubicles, or other existing conditions, required changes to the locations of sensors and/or power packs. The parties recognized that following the practice provided for in the subcontract agreement of obtaining a change order for each such occasion would delay the Project. Instead, at the direction of Teng's Project Manager the parties adopted a practice of noting each such change on a set of the drawings and then immediately proceeding to make the change,  thereby waiving the subcontract's advance change order requirement.

8.   The changes in the location of sensors and power packs occurred with regular frequency, with some changes adding additional devices and others deleting them. As a result, the parties recognized that the net effect on the total number of sensors and power packs compared to the number provided on the contract drawings was not going to be able to be determined until the completion of the Project.

9.     Each addition and deletion occurred in the field, at the installation stage, not during the design stage. As a result, at the time each change was made Commercial Power's electricians were already mobilized on site, and in many cases were required to wait for a decision to be made. Thus in those instances in which a sensor was deleted, there was a savings for the cost of the sensor itself, but the net effect of the time it took to solve the conflict with existing conditions  resulted in more, not less, cost of labor.

10.     At the completion of the Project Commercial Power counted up the additions and deletions, and determined that it had installed a total of 83 fewer sensors than provided for in the contract drawings, and had installed 93 more power packs to achieve proper function of sensors in areas where new sensors could not be installed.

11.     After calculating the cost savings for 83 fewer sensors and the additional cost of 93 power packs, Commercial Power determined that Teng was entitled to a credit against its final invoice of $5,072.48. A copy of the calculations is attached as Exhibit B.

12.     Notwithstanding that the typical net effect of discovery of a conflict and the time it took to resolve it often increased Commercial Power's labor cost even where a sensor was deleted, Teng refused to honor Commercial Power's proposed credit, and demanded a credit of $30,567.62, which amount includes the cost of the net deletion of sensors (mistakenly, 102 rather than 83) and the cost of labor to install them.

13.     The net amount still due from Teng to Commercial Power for Commercial Power's subcontract performance is $25,485.14.

14.     Under the Payment Bond issued by Westchester for the Project, Westchester is the surety and Teng is the Principal, and both parties are liable under the Bond for the amount due for work performed by Commercial Power on the Project.

15.     As a party with a direct contract with the Principal, there is no notice requirement applicable to Commercial Power's claim.

16.     Commercial Power's last day of work on the Project was September 12, 2013. More than 90 days and less than one year has passed since the last work was performed, and hence this Payment Bond claim is being timely filed.

WHEREFORE, Commercial Power, Inc. demands judgment against Westchester Fire Insurance Company and Teng Construction, LLC, aka exp Federal, Inc., in the amount of $25,485.14, plus interest from and after such amount was due, attorney's fees, and such other and additional relief as this Court deems just and proper.

COMMERCIAL POWER, INC.

By: _____

Philip C. Jones, DC Bar # 196097
GREENBURG & SPENCE, LLC
814 W. Diamond Ave., Suite 320
Gaithersburg, MD 20878
(301) 963-1069
pjones@gstlaw.com

Bond No. K0858767A

| PAYMENT BOND (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract) 8/18/2011 | OMB No.: 9000-0045 |
|---|---|---|

Public reporting burden for this collection of information is estimate to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405

| PRINCIPAL (Legal name and business address) TENG CONSTRUCTION LLC 205 N. Michigan Avenue Chicago, IL 60601 | TYPE OF ORGANIZATION ("X" one) |
|---|---|

| | | | |
|---|---|---|---|
| ☐ INDIVIDUAL | | ☐ PARTNERSHIP | |
| ☐ JOINT VENTURE | | ☒ CORPORATION | |
| STATE OF INCORPORATION | | | |

| SURETY(IES) (Name(s) and business address(es)) WESTCHESTER FIRE INSURANCE COMPANY 436 Walnut Street, WA10H, Philadelphia, PA 19106 | PENAL SUM OF BOND | | | |
|---|---|---|---|---|
| | MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
| | 7 | 087 | 613 | 00 |
| | CONTRACT DATE 8/17/2011 | CONTRACT NO. GS-11P-11-YT-C-0238 | | |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

| PRINCIPAL | | | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. TENG CONSTRUCTION LLC (Seal) | 2. (Seal) | 3. (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. Ivan J. Dvorak, President | 2. | 3. | |

| INDIVIDUAL SURETY(IES) | | | |
|---|---|---|---|
| SIGNATURE(S) | 1. (Seal) | 2. | (Seal) |
| NAME(S) (Typed) | 1. | 2. | |

| CORPORATE SURETY(IES) | | | | |
|---|---|---|---|---|
| NAME & ADDRESS | WESTCHESTER FIRE INSURANCE COMPANY 436 Walnut Street, WA10H, Philadelphia, PA 19106 | STATE OF INC. PA | LIABILITY LIMIT $ $104,497,000.00 | Corporate Seal |
| SIGNATURE(S) | 1. | 2. | | |
| NAME(S) & TITLE(S) (Typed) | 1. MeKeeva Sumnerford, Attorney-in-Fact | 2. | | |

EXHIBIT
A

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is usable

STANDARD FORM 25A (REV. 10-98)
Prescribed by GSA —FAR (48 CFR) 53.2228(c)

# *Power of Attorney*

## WESTCHESTER FIRE INSURANCE COMPANY

**Know all men by these presents:** That WESTCHESTER FIRE INSURANCE COMPANY, a corporation of the Commonwealth of Pennsylvania pursuant to the following Resolution, adopted by the Board of Directors of the said Company on December 11, 2006, to wit:

"RESOLVED, that the following authorizations relate to the execution, for and on behalf of the Company, of bonds, undertakings, recognizances, contracts and other written commitments of the Company entered into the ordinary course of business (each a "Written Commitment"):

(1) Each of the Chairman, the President and the Vice Presidents of the Company is hereby authorized to execute any Written Commitment for and on behalf of the Company, under the seal of the Company or otherwise.

(2) Each duly appointed attorney-in-fact of the Company is hereby authorized to execute any Written Commitment for and on behalf of the Company, under the seal of the Company or otherwise, to the extent that such action is authorized by the grant of powers provided for in such person's written appointment as such attorney-in-fact.

(3) Each of the Chairman, the President and the Vice Presidents of the Company is hereby authorized, for and on behalf of the Company, to appoint in writing any person the attorney-in-fact of the Company with full power and authority to execute, for and on behalf of the Company, under the seal of the Company or otherwise, such Written Commitments of the Company as may be specified in such written appointment, which specification may be by general type or class of Written Commitments or by specification of one or more particular Written Commitments.

(4) Each of the Chairman, the President and Vice Presidents of the Company is hereby authorized, for and on behalf of the Company, to delegate in writing any other officer of the Company the authority to execute, for and on behalf of the Company, under the Company's seal or otherwise, such Written Commitments of the Company as are specified in such written delegation, which specification may be by general type or class of Written Commitments or by specification of one or more particular Written Commitments.

(5) The signature of any officer or other person executing any Written Commitment or appointment or delegation pursuant to this Resolution, and the seal of the Company, may be affixed by facsimile on such Written Commitment or written appointment or delegation.

FURTHER RESOLVED, that the foregoing Resolution shall not be deemed to be an exclusive statement of the powers and authority of officers, employees and other persons to act for and on behalf of the Company, and such Resolution shall not limit or otherwise affect the exercise of any such power or authority otherwise validly granted or vested."

Does hereby nominate, constitute and appoint Annette M Leuschner, Cynthia Farrell, Debra A Deming, Evangelina L Dominick, Jessica Iannotta, MeKeeva Summerford, Sandra Diaz, Sonia Rogers, Thomas Rhatigan, Valorie Spates, Vivian Carti, all of the City of NEW YORK, New York, each individually if there be more than one named, its true and lawful attorney-in-fact, to make, execute, seal and deliver on its behalf, and as its act and deed any and all bonds, undertakings, recognizances, contracts and other writings in the nature thereof in penalties not exceeding Ten million dollars & zero cents ($10,000,000.00) and the execution of such writings in pursuance of these presents shall be as binding upon said Company, as fully and amply as if they had been duly executed and acknowledged by the regularly elected officers of the Company at its principal office.

IN WITNESS WHEREOF, the said Stephen M. Haney, Vice-President, has hereunto subscribed his name and affixed the Corporate seal of the said WESTCHESTER FIRE INSURANCE COMPANY this 18 day of February 2011.

WESTCHESTER FIRE INSURANCE COMPANY



*Stephen M. Haney*
Stephen M. Haney , Vice-President

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA       ss.

On this 18 day of February, AD. 2011 before me, a Notary Public of the Commonwealth of Pennsylvania in and for the County of Philadelphia came Stephen M. Haney ,Vice-President of the WESTCHESTER FIRE INSURANCE COMPANY to me personally known to be the individual and officer who executed the preceding instrument, and he acknowledged that he executed the same, and that the seal affixed to the preceding instrument is the corporate seal of said Company; that the said corporate seal and his signature were duly affixed by the authority and direction of the said corporation, and that Resolution, adopted by the Board of Directors of said Company, referred to in the preceding instrument, is now in force.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal at the City of Philadelphia the day and year first above written.



COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
KAREN E. BRANDT, Notary Public
City of Philadelphia, Phila. County
My Commission Expires September 28, 2014

*Karen E Brandt*
Notary Public

I, the undersigned Assistant Secretary of the WESTCHESTER FIRE INSURANCE COMPANY, do hereby certify that the original POWER OF ATTORNEY, of which the foregoing is a substantially true and correct copy, is in full force and effect.

In witness whereof, I have hereunto subscribed my name as Assistant Secretary, and affixed the corporate seal of the Corporation, this 18th day of August, 2011



*William L. Kelly*
William L. Kelly, Assistant Secretary

THIS POWER OF ATTORNEY MAY NOT BE USED TO EXECUTE ANY BOND WITH AN INCEPTION DATE AFTER February 18, 2013.

WESTCHESTER FIRE INSURANCE COMPANY

FINANCIAL STATEMENT                                         March 31,2011

### ADMITTED ASSETS

| | |
|---|---:|
| BONDS | $2,011,661,197 |
| SHORT - TERM INVESTMENTS | 61,718,414 |
| STOCKS | 0 |
| REAL ESTATE | 0 |
| CASH ON HAND AND IN BANK | (2,463,151) |
| PREMIUM IN COURSE OF COLLECTION* | 31,733,442 |
| INTEREST ACCRUED | 17,559,412 |
| OTHER ASSETS | 246,544,237 |
| TOTAL ASSETS | $2,366,753,551 |

### LIABILITIES

| | |
|---|---:|
| RESERVE FOR UNEARNED PREMIUMS | $172,518,041 |
| RESERVE FOR LOSSES | 1,115,565,927 |
| RESERVE FOR TAXES | 26,465,716 |
| FUNDS HELD UNDER REINSURANCE TREATIES | 7,046,244 |
| OTHER LIABILITIES | 191,284 |
| TOTAL LIABILITIES | 1,321,787,212 |

| | |
|---|---:|
| CAPITAL: 70,000 SHARES, $71.43 PAR VALUE | 5,000,100 |
| CAPITAL: PAID IN | 286,417,484 |
| AGGREGATE WRITE-INS FOR SPECIAL SURPLUS FUNDS | 95,894,181 |
| SURPLUS (UNASSIGNED) | 657,654,574 |
| SURPLUS TO POLICYHOLDERS | 1,044,966,339 |
| TOTAL | $2,366,753,551 |

(*EXCLUDES PREMIUM MORE THAN 90 DAYS DUE.)

STATE OF PENNSYLVANIA

COUNTY OF PHILADELPHIA

John P. Taylor, being duly sworn, says that he is Vice President of
Westchester Fire Insurance Company and that to the best of his knowledge and belief the
foregoing is a true and correct statement of the said Company's financial condition as of the
31 st day of March, 2011.

Sworn before me this _May 20, 2011_

_[signature]_
Vice President

_[signature]_ Diane Wright                         _August 8, 2011_
Notary Public                                        My commission expires

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Diane Wright, Notary Public
City of Philadelphia, Philadelphia County
My Commission Expires Aug. 6, 2011
Member, Pennsylvania Association of Notaries



# COMMERCIAL POWER, INC.

P.O. Box 934, La Plata, Maryland 20646
(301) 934-6100
Metro (301) 870-3889
Fax (301) 934-6200
E-mail: cpi@commercialpowerinc.com

August 29, 2013

EXP Federal
15000 Conference Center Drive
Suite 430
Chantilly, VA 20151

Attn:   Bryan Wenzel

RE:   Cohen Building – Sensor Credit

Bryan,

Please see revised actual cost breakdown for sensors being credited.

DT – Dual Technology (-12)

    Sensor Cost (2 sensors per power pack) $82.00 x 12 = $984.00
    Sensor Labor $55.07 x 12 = $660.84
    Power Pack Cost $24.00 x 6 = $144.00
    Power Pack Labor $55.07 x 6 = $330.42
    Cable Cost (40' per sensor) $ .17 Per Ft. x 480 Ft. = $81.60
            **Total = $2,200.86**


OC – Existing to be replaced (-29)

    Sensor Cost (2 sensors per power pack) $64.75 x 29 = $1,877.75
    Sensor Labor $55.07 x 29 = $1,597.03
    Power Pack Cost $24.00 x 15 = $360.00
    Power Pack Labor $55.07 x 15 = $826.05
    Cable Cost (40' per sensor) $ .17 Per Ft. x 1160 Ft. = $197.20
            **Total = $4,858.03**

UT – Ultrasonic Sensor (-8)

    Sensor Cost (2 sensors per power pack) $87.00 x 8 = $696.00
    Sensor Labor $55.07 x 8 = $440.56
    Power Pack Cost $24.00 x 4 = $96.00
    Power Pack Labor $55.07 x 4 = $220.28
    Cable Cost (40' per sensor) $ .17 Per Ft. x 320 Ft. = $54.40
            **Total = $1,507.24**



**EXHIBIT**

WS – Wall Switch Sensor (-26)

> Sensor Cost $40.00 x 26 = $1,040.00
> Sensor Labor $55.07 x 26 = $1,431.82
> Power Pack Cost = None Required
> Power Pack Labor = None Required
> Cable Cost (40' per sensor) $ .17 Per Ft. x 1040 Ft. = $176.80
> **Total = $2,648.62**

CI – Passive Infrared Sensor (-8)

> Sensor Cost (2 sensors per power pack) $50.00 x 8 = $400.00
> Sensor Labor $55.07 x 8 = $440.56
> Power Pack Cost $24.00 x 4 = $96.00
> Power Pack Labor $55.07 x 4 - $220.28
> Cable Cost (40' per sensor) $ .17 Per Ft. x 320 Ft. = $54.40
> **Total = $1,211.24**

**SENSOR GRAND TOTAL $12,425.99 (Credit to EXP)**

Power Packs (+93)

> Power Pack Cost $24.00 x 93 = $2,232.00
> Power Pack Labor $55.07 x 93 = $5,121.51
> Cable Cost = None Required
> **Total = $7,353.51**

**POWER PACK GRAND TOTAL $7,353.51 (Credit to Commercial Power, Inc.)**

Total credit to EXP $5,072.48. Please review and advise ASAP.

Thank you,

Patrick Butler

# Capital Tristate

THE ELECTRICAL DISTRIBUTOR OF CHOICE

Corporate Headquarters
Distribution Center
8511 Pepco Place
Upper Marlboro, MD 20772
Ph. 301-909-6500 Fax 301-735-6819

**Branch Serving You:**
CapitalTristate
8511 PEPCO PL
UPPER MARLBORO  MD  20772-2500
301-909-6500  Fax 301-735-6525

## INVOICE

S013970069.001
10/12/12

Page 1 of 1

**SOLD TO:**

COMMERCIAL POWER INC
PO BOX 2709
LA PLATA MD 20646-2709

**SHIPPED TO: 61447**

COMMERCIAL POWER
6495 ELLENWOOD DR.
LA PLATA  MD  20646-3533

| ACCOUNT NUMBER | CUSTOMER PO NUMBER | RELEASE NUMBER | | ORDERED BY | |
|---|---|---|---|---|---|
| 55648 | 4018 COHEN BLDG | LIGHTING CONTROLS | | PAT | |
| SALESMAN | INVOICE NUMBER | SHIPPING BRANCH | SHIP DATE | SHIP VIA | |
| RYAN DAVIS | S013970069.001 | KCDC | 10/05/2012 | BW BEST-WAY | |

| SKU | DESCRIPTION | ORDER QTY | SHIP QTY | UNIT PRICE | UOM | EXT PRICE |
|---|---|---|---|---|---|---|
| | ******************** | | | | | |
| | HOLD FOR RELEASE | | | | | |
| | ******************** | | | | | |
| 07847701018 | LEV ODS10-IDW   *TYPE WS* | 306 | 1 | 40.00 | ea | 40.00 |
| | INFR OCCPNCY SNSOR | | | | | |
| 07847718057 | LEV OSC10-M0W   *TYPE DT* | 377 | 1 | 82.00 | ea | 82.00 |
| | WHT OCUPANCY SENSOR | | | | | |
| 07847718053 | LEV OSC04-I0W   *TYPE CI* | 300 | 1 | 50.00 | ea | 50.00 |
| | WHT OCC DETECTOR | | | | | |
| 07847718059 | LEV OSC20-U0W   *TYPE UT* | 191 | 1 | 87.00 | ea | 87.00 |
| | OCC SENSOR | | | | | |
| | LEV OSP20-0D0   *Power Pack* | 102 | 3 | 24.00 | ea | 72.00 |
| | OCC SENSOR PWR PACK | | | | | |

*\* Type OC Sensor Was Not Identified. We Used An Average Cost Price Based On Other Sensor Cost*

**GO FROM GETTING A STATEMENT TO MAKING A STATEMENT**
We offer a convenient way for you to receive your invoices and statements via Invoice Gateway, our secure online site.
With Invoice Gateway, you are notified by email when new bills are posted.
You can search, sort, view, print, download on this site.
http://capitallighting.billtrust.com/
Save time and money. Save a tree. Go paperless by choosing the option above and make a statement.

All payments are due by 11/25/12.

Purchaser agrees that any unpaid balance past due shall be charged 2%
per month interest (24% annum).

| | |
|---|---|
| SUBTOTAL | 331.00 |
| S & H CHARGES | 0.00 |
| SALES TAX   MD | 19.86 |
| **TOTAL DUE** | **350.86** |

**Payment Mailing Address:**
CapitalTristate
PO BOX 404749
ATLANTA  GA  30384-4749

| TO VIEW ONLINE GO TO: | http://capitallighting.billtrust.com | USE THIS ENROLLMENT CODE: | QDK TPV TRH |
|---|---|---|---|